**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

**v.**                              **Case. No. SA-20-CR-537-JKP**

**KENNETH L. REESE,**

    *Defendant.*

**ORDER DENYING DEFENDANT'S MOTION**
**FOR TERMINATION OF SUPERVISED RELEASE**

        Before the Court is Defendant Kenneth L. Reese's Motion for Termination of Supervised Release. ECF No. 4. The Government and Probation Office oppose the motion. *Id*. at 6. After considering the motion and the law, the Court **DENIES** the motion.

## I.      BACKGROUND

        On February 15, 2011, Defendant entered a plea of guilty to count one of a felony information which charged him with possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B). ECF No. 1 at 9. The Honorable Dee Benson of the U.S. District Court for the District of Utah sentenced Defendant to 120 months imprisonment, followed by a life term of supervised release. ECF No. 2. Defendant began his term of supervised release on February 28, 2017. ECF Nos. 1 and 2. On November 13, 2020, the Western District of Texas accepted the transfer of jurisdiction of Defendant's case. *Id*. On October 26, 2022, Defendant completed sex offender counseling. ECF No. 2. On September 5, 2023, the undersigned modified the conditions of Defendant's supervised release to include a yearly polygraph examination. ECF. No 2. Defendant consented to this modification. *Id*.

Defendant was 44 years old at the time of the offense conduct, and he had no prior criminal record before entering a guilty plea in this case. ECF No. 4 at 1. Defendant is 58 years old as of the filing of his motion. *Id*. He has been on supervised release for six years and has been compliant with the terms of his supervision. *Id*. Defendant seeks early termination of supervised release because (1) he has not violated any term of supervision and had no prior record at the time of his sentencing; (2) he satisfied all court ordered requirements including payment of restitution; (3) he suffers from several medical conditions which have been aggravated by the aging process (Defendant and his wife also care for his mother-in-law and mentally disabled brother-in-law); and (4) the Probation Office's resources should be expended on other individuals needing supervision. *Id*. at 1-2.

## II.     UNDERLYING OFFENSE CONDUCT

The February 8, 2011 Presentence Report ("PSR")[1] includes the following information regarding the Defendant's conduct. Tabatha Reese (Ms. Reese), Defendant's ex-wife, reached out to a concerned citizen after Hannah Reese (Defendant's daughter and the victim in this case) disclosed that Defendant took sexually explicit photographs of her and stored them on the family's computers. PSR at ¶ 5. Hannah was fifteen years old when she disclosed the Defendant's conduct to her mother. *Id*. Ms. Reese brought the family's computers to the concerned citizen because of his technical knowledge. *Id*. The concerned citizen was able to locate over 1,000 Thumbs Database files which depicted Hannah in sexually explicit poses. *Id*. The citizen copied the images to a compact disc ("CD") and provided it to Federal Bureau of Investigation agents. *Id*. Agents determined the CD contained approximately 1,600 photographs of Hannah. *Id*. Hannah was partially nude or completely nude in these photographs. *Id*.

---

[1] The Court reviewed the Pre-Plea Presentence Report in Docket No. 2:08-CR-00405-001-DB, which was prepared on January 4, 2011, and revised on February 3, 2011. The Court will have the PSR filed as a sealed document under Case No. 20-CR-00537-JKP to ensure the record is complete.

Hannah explained that Defendant began taking explicit photographs of her when she was thirteen years old. *Id*. at ¶ 6. Defendant told Hannah that the photographs would be entered into a modeling competition. *Id*. Hannah decided to disclose Defendant's conduct to her mother when she learned her parents were considering reconciliation and Defendant was planning to move back into the family home. *Id*. at ¶ 8. Ms. Reese told agents that her son observed images of child pornography on the home computer. *Id*. Ms. Reese stated she saw "a lot" of images of child pornography and the children appeared to be pre-pubescent (approximately eight to ten years old).

Hannah was nervous and felt "triggered" when Defendant moved back into the family home. *Id*. at ¶ 11. Hannah supported Defendant's absence from the family home. *Id*. Defendant admitted to Salt Lake City, Utah authorities that he began taking sexually explicit pictures of his daughter when she was thirteen years old. *Id*. at ¶ 13. He also had two thumb drives which contained sexually explicit pictures of his daughter. *Id*.

Contrary to the contentions in Defendant's motion regarding lack of criminal history, Defendant has state and federal convictions for larceny/theft. *Id*. at ¶¶ 33 and 34.

## III.    EARLY TERMINATION OF SUPERVISED RELEASE

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[2] "it is satisfied that such action is warranted by the conduct of the

---

[2] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275 (2019). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Defendants bear the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination of supervised release "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts possess extensive discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with supervised release conditions and with the law alone is not enough to merit early termination. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply

following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). Other courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to warrant early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. Extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not required for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such

circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). "'Generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

The Court understands Defendant has made positive changes in his life. For example, he has started a trucking company and has remarried. ECF No. 4 at 5. His daughter, and victim in this case, supports Defendant's request for early termination in an attempt to repair their relationship. *Id*. Defendant's daughter is 30 years old. *Id*. at 24. The Court has considered the § 3553(a) factors and concludes supervision is still warranted in this case. The Court expects supervised individuals to comply with the law and the terms and conditions of supervision. The Court has great concerns regarding the offense of conviction and the multitude of foreseeable and unforeseeable consequences of terminating Defendant's supervised release. Terminating supervised release will provide Defendant unfettered access to minors and technology to possess and/or produce child pornography. Supervised release aids compliance. The sentencing judge heard argument and considered evidence before sentencing Defendant. This Court has reviewed the PSR and detailed some of the extremely disturbing facts of Defendant's underlying conduct. This Court concludes it would be imprudent to disturb the sound judgment of the sentencing judge and terminate supervised release.

The foregoing reasons, the Court **DENIES** Defendant's Motion for Termination of Supervised Release. ECF No. 4.

It is so ORDERED.
SIGNED this 1st day of December, 2023.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE